FILED
05/16/2018
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 13, 2018

**STEVEN DAVIS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
No. 11-04842      Chris Craft, Judge
_____

**No. W2017-02125-CCA-R3-PC**
_____

The Petitioner, Steven Davis, appeals the post-conviction court's dismissal of his petition as time-barred, arguing that he delivered his petition to the designated employee in the prison mail room in a timely manner.  Following our review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

Steven Davis, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and Karen Cook, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The Petitioner was convicted by a Shelby County Criminal Court jury of especially aggravated robbery, aggravated robbery, and aggravated burglary and was sentenced to an effective term of twenty-six years in the Department of Correction.  State v. Steven Davis, No. W2013-01486-CCA-R3-CD, 2014 WL 4384982, at *1 (Tenn. Crim. App. Sept. 5, 2014), perm. app. denied (Tenn. Jan. 15, 2015).  This court affirmed the

judgment of the trial court on direct appeal, and the Tennessee Supreme Court denied the Petitioner's application for permission to appeal. Id.

The Petitioner filed a pro se petition for post-conviction relief wherein he signed a sworn statement averring that he gave his petition to the appropriate prison official in the mail room at Hardeman County Correctional Facility on February 9, 2016. The affidavit of indigency attached to the petition shows that it was sworn by the Petitioner on September 7, 2017. The Shelby County court clerk file-stamped the petition with two dates: September "32," 2017 and October 2, 2017.

The post-conviction court found that the petition was time-barred as follows:

[T]he [Petitioner] was tried and convicted by a jury of Especially Aggravated Robbery, Aggravated Robbery and Aggravated Burglary on April 19, 2013, and received an effective sentence of 26 years in the Department of Correction. His convictions and sentence were affirmed by the Court of Criminal Appeals in *State v. Steven Davis*, No. W2013-01486-CCA-R3-CD (Tenn. Crim. App., Jackson, September 5, 2014) and application for permission to appeal to the Tennessee Supreme Court was denied January 15, 2015. After having examined the technical record, the Court has determined that the petition for post-conviction relief stamped "received" by the mail room of the Hardeman County Correctional Facility on September 28, 2017, postmarked September 28, 2017 and filed in the Shelby County Clerk's Office on October 2, 2017, was clearly mailed/filed more than one year after the last appellate action on [the] [P]etitioner's case, and therefore it plainly appears that the petition has not been filed within the statute of limitations of one year set forth in T.C.A. §40-30-102, and should be dismissed.

Thereafter, the Petitioner filed a timely notice of appeal to this court.

## ANALYSIS

The Petitioner appeals the dismissal of his petition as time-barred. He contends that he gave his petition to the mail room clerk in the prison on February 9, 2016 and attaches various documents to show that he filed a grievance with prison officials regarding lost legal mail to support his claim that his petition should be deemed filed on that date.

The Post-Conviction Procedure Act provides that a petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state

appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final[.]" Tenn. Code Ann. § 40-30-102(a). When filed by or on behalf of a pro se petitioner incarcerated in a correctional facility, "filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. Sup. Ct. R. 28, § 2(G). "Should timeliness of filing or service become an issue, the burden is on the pro se petitioner to establish compliance with this provision." Id.

The Tennessee Supreme Court denied the Petitioner's Rule 11 application on January 15, 2015, meaning the petition had to be filed within one year of that date. Although there is some confusion regarding the date the petition was filed, the Petitioner contends that he delivered his petition to the appropriate prison official for mailing on February 9, 2016, which was nonetheless untimely. The Petitioner presented no justification for tolling the statute of limitations aside from an insinuation in his reply brief, without any proof, that the delay was partly due to the prison's being on administrative lock down at some point prior to the filing of his petition. We conclude that the post-conviction court properly adhered to statutory authority in dismissing the petition. See Tenn. Code Ann. § 40-30-106(b).

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the summary dismissal of the petition.

_____
ALAN E. GLENN, JUDGE